NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-2405
_____

UNITED STATES OF AMERICA

v.

BARRY MAYO,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-09-cr-00177-001)
District Judge:  Honorable Dickinson R. Debevoise

_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2011

Before: SLOVITER, GREENAWAY, JR., Circuit Judges
and POLLAK,[*] District Judge
(Filed April 26, 2011)

_____

OPINION
_____

_____

[*] Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

SLOVITER, *Circuit Judge*.

Appellant Barry Mayo was sentenced to 110 months imprisonment for being a felon in possession of a firearm. He appeals the application of a four-point enhancement to the calculation of his Guidelines range and the sufficiency of the District Court's consideration of his plea agreement.[1] We will affirm the District Court's judgment and sentence.

## I.

In 2009, Mayo was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and possession of body armor by a person convicted of a violent felony in violation of 18 U.S.C. § 931(a)(1). In 2010, Mayo and the Government entered into a plea agreement on the firearm count and the Government agreed to dismiss the body armor count. The plea agreement contemplated a Guidelines range based on an offense level of 21. The District Court, however, applied a four-point enhancement to reach a new offense level of 25 and sentenced Mayo within the Guidelines range for that offense level. The enhancement was for possession of "any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6). The term "another felony offense" may apply to an act "regardless of whether a criminal charge was brought, or a conviction obtained." U.S.S.G. § 2K2.1 app. n.14(C). The other felony offense at issue was possession of body armor by a violent

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

felon. *See* 18 U.S.C. § 931(a). Mayo does not deny possession of body armor (a bullet proof vest) but denies that his firearm possession was "in connection with" possession of the body armor. He notes that he was shot a few days prior to his arrest and contends that he possessed both the firearm and the body armor for self-defense purposes.

## II.

We review the District Court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Aquino*, 555 F.3d 124, 127 (3d Cir. 2009). However, the District Court's application of the Guidelines to the facts is entitled to "due deference," *Id.* at 127 n.5, and we review that application for abuse of discretion, *United States v. Tupone*, 442 F.3d 145, 149 (3d Cir. 2006).

Mayo argues that the District Court should not have applied the four-point enhancement because there was no evidence of a connection between the possession of the firearm and possession of the body armor. We disagree. This court construes the phrase "in connection with" broadly, noting that it "expresses some relationship or association, one that can be satisfied in a number of ways such as a causal or logical relation or other type of relationship." *United States v. Loney*, 219 F.3d 281, 284 (3d Cir. 2000). The District Court found that Mayo possessed the firearm in connection with possessing body armor, "whether he carried the firearm to gain revenge or whether he carried it to protect himself." App. at 62. Under either justification, there is a "logical relation" between the firearm and the body armor sufficient to satisfy the *Loney* standard.

3

Accordingly, the District Court did not abuse its discretion in applying the four-point enhancement under U.S.S.G. § 2K2.1(b)(6) and imposing a within-Guidelines sentence.

## III.

Mayo also claims that the District Court did not give proper consideration to the plea agreement's contemplation of a total offense level of 21. This claim lacks merit. The District Court need not consider the parties' suggested sentence when imposing its sentence. *See United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006) ("The reasonableness of a sentence depends not on the district court's adherence to the range recommended by . . . the parties."). Rather, it must assess the 18 U.S.C. § 3553(a) factors and impose a reasonable sentence. *Id.* The record in this case reflects the District Court's consideration of those factors when crafting a substantively reasonable sentence.

## IV.

For the above-stated reasons, we will affirm the judgment and the sentence.